

FILED
JAN 31 2014
CLERK, U.S. DISTRICT COURT
RICHMOND, VA

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**KARAN BATRA,**

    Petitioner,

v.                                                  Civil Action No. **3:13CV07**

**HAROLD CLARKE,**

    Respondent.

### MEMORANDUM OPINION

Karan Batra, a Virginia inmate, submitted this petition for a writ of habeas corpus under 28 U.S.C. § 2254. Batra challenges the Virginia Department of Corrections' ("VDOC") calculation of his sentence. Respondent moved to dismiss.

Batra's claim is predicated upon a May 12, 2011 Legal Update received from the VDOC. (ECF No. 1–1, at 11.)[1] The May 12, 2011 Legal Update lists Batra's projected "Good Time Release" as April 18, 2017. (*Id.*) Batra believes his Good Time Release date should be around July 9, 2016. (*Id.* at 7, 9.)

Both Batra and Respondent agree that Batra has a total sentence of six years and forty-seven months. (*Id.* at 7; Mem. Supp. Mot. Dismiss ¶ 13 (citation omitted), ECF No. 14.) Both Batra and Respondent agree that prior to Batra's receipt into the VDOC on March 31, 2011, he earned 705 days of jail credit. (ECF No. 1–1, at 7; Mem. Supp. Mot. Dismiss ¶ 12.) Batra, however, asserts that the VDOC has failed to properly compute when he began serving his sentences. Specifically, Batra complains that the VDOC presented him with a Legal Update which reflected his "'sentence start date' as 08/28/2010." (ECF No. 1–1, at 3.) Batra contends

---

[1] The Court employs the pagination assigned to Batra's submissions by the Court's CM/ECF docketing system.

this causes him "to be deprived of . . . 451 day(s)" of credit towards his sentence. (*Id.*) Batra then directs the Court's attention to the time he spent in physical custody prior to August 28, 2010. (*Id.* at 3–4.)

In conjunction with the Motion to Dismiss, Respondent has submitted an affidavit from Catharine E. Portman, "a Time Computation Supervisor Senior with the Court and Legal Services Section of the Virginia Department of the Corrections (VDOC)." (Mem. Supp. Mot. Dismiss Portman Aff. ¶ 1, ECF No. 14–2.) Portman notes that, "[l]egal updates no longer reflect a 'sentence start date' which previously was calculated by using the date an offender was received into the VDOC minus the actual number of days he spent in jail." (*Id.* ¶ 11.) Nevertheless, Portman acknowledges that the VDOC has "reviewed Batra's jail credits and the manner in which they have been applied to his sentences. As a result, Batra's projected Good Time Release date has changed from October 3, 2017, to August 5, 2016." (*Id.* ¶ 12.)

Batra failed to respond to the Motion to Dismiss. It appeared that the recent sentence recalculation by the VDOC resolved Batra's challenge to the calculation of his sentence. Therefore, by Memorandum Order entered on January 10, 2014, the Court informed Batra that if he wished to continue to pursue his current habeas petition, within eleven (11) days of the date of entry thereof, he must submit a brief identifying the error in the VDOC's current calculation of his sentence. The Court warned Batra that the failure to submit an appropriate brief would result in the dismissal of the action. Fed. R. Civ. P. 41(b).

More than eleven (11) days have elapsed since the entry of the January 10, 2014 Memorandum Order and Batra has not responded. Accordingly, the action will be DISMISSED WITHOUT PREJUDICE.

An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). Batra fails to satisfy this standard. A certificate of appealability will be denied.

An appropriate Order will accompany this Memorandum Opinion.

Date: 1-30-14
Richmond, Virginia

**SO ORDERED**

/s/
James R. Spencer
United States District Judge